### The Chicago and Alton R. R. Co. v. William Wild.

1. MASTER AND SERVANT—*Servant Assumes the Ordinary Risks of
the Employment.*—Where a business is obviously dangerous and is con-
ducted in a manner which is fully known to the servant at the outset,
he assumes the risk of its conduct in that manner, although a safer
method could have been accepted.

2. SAME—*Ordinary Risks Defined.*—The ordinary risks of a partic-
ular business are those which are a part of the natural and ordinary
method of conducting the business, even though they might fairly be
called extraordinary with reference to a different business, or a different
department of the same business.

Trespass on the Case, for personal injuries. Appeal from the Cir-
cuit Court of Morgan County; the Hon. OWEN P. THOMPSON, Judge
presiding. Heard in this court at the November term, 1902. Reversed.
Opinion filed April 30, 1903.

EDWARD P. KIRBY, attorney for appellant.

J. MARSHALL MILLER, attorney for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of
the court.

This was an action against appellant for negligence in
requiring appellee to propel a hand-car on a foggy morning
and also failing to sound a whistle or ring a bell on its
locomotive, to warn appellee of its approach in the fog,
where it could not be seen while the hand-car and locomo-
tive were about to meet upon the same track, whereby
appellee was injured by the car in the act of escaping from
a collision between the locomotive and the car, when they

suddenly met upon the track in the fog. The verdict was for $2,000, upon which judgment was rendered and this appeal followed.

It is argued for reversal that the injury to appellee was occasioned by an ordinary hazard, assumed by him in his employment, and the court gave wrong instructions, and improperly modified and refused instructions.

Appellee belonged to a section gang, who were accustomed, in attending to their usual duties, to go upon the hand-car each morning south from Jacksonville along a single track. The train that was met upon the track by the hand-car was the regular local freight, and was due from the south at Jacksonville about seven o'clock each morning, but on this particular morning it was late, and had not arrived when the hand-car left Jacksonville. The foreman of the section directed the men out with the car and accompanied them. The morning was foggy. When the car had gone about a mile and a half from the junction some of the men saw a train coming, gave warning, all jumped off the car, and in doing this appellee fell and the hand-car ran over his arm and broke it. Neither section foreman nor men could see the train for the fog, nor did they hear it until it was nigh upon them, when they left the car upon the track and it was struck by the train and cast into the ditch along the roadbed.

It was a part of the business of the section gang to which appellee belonged, to operate the hand-car upon the track when trains might be expected upon the same track at any moment, and this, too, without any special warning of their presence, it being one of the duties of the men composing the gang to look out for and avoid them. Indeed, it seems impossible that the operation of the hand-car could be successfully performed in any other way. The mere occurrence of a fog, which could no more readily be foreseen by the master than by the servant, could not reasonably change the relation of the master to the servant, as that also is one of the phases of nature which the servant was as equally capable of guarding against as

the master. Where a business is obviously dangerous, and is conducted in a manner which is fully known to the servant at the outset, he assumes the risk of its conduct in that manner, although a safer method could have been adopted. The ordinary risks of a particular business are those which are a part of the natural and ordinary method of conducting the business, even although they might fairly be called extraordinary with reference to a different business, or a different department of the same business. (Shear. & Red. on Neg., 185.) In this case the fog and the train were but the ordinary incidents of the business in which he was engaged, the risks of which he assumed when he entered that service. The master was not bound to run the train as if expecting the track to be occupied by the hand-car, it being well known to all that it is the business of the section men to watch for and keep out of the way of all trains. It is of no importance that the foreman directed the men out with the car, for this was only the common incident of each day's service, without which no service would or could be performed. Neither was the master bound to foresee the occurrence of fog, and provide a special warning or signal. Upon the whole evidence we are impressed that the manner and circumstances of appellee's injury was one of the ordinary hazards assumed by him when he entered the service and for which there can be no recovery.

The judgment of the Circuit Court will be reversed, and the cause not remanded.

**Finding of Fact** to be recited in the final order of this court:

And the court finds from the evidence in the case that appellant is not guilty of the negligence charged in the declaration, nor in either count thereof, and that the appellee received his injuries in consequence of an ordinary risk incident to the business in which he was engaged, which he assumed at the time when he entered upon such service.